```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


In Re ENRON CORPORATION         §
SECURITIES, DERIVATIVE &        §       MDL 1446
"ERISA" LITIGATION,             §
                                §
─────────────────────────────────
SILVERCREEK MANAGEMENT, INC.,   §
et al.,                         §
                                §
            Plaintiffs,         §
                                §
VS.                             §       CIVIL ACTION NO. H-03-0815
                                §
CITIGROUP, INC., et al.,        §
                                §
            Defendants.         §
```

## OPINION AND ORDER

Pending before the Court in the above referenced case is Defendant Richard A. Causey's motion to dismiss [New York] state law claims (instrument #86) on the grounds that he is not subject to personal jurisdiction in New York. Plaintiffs Silvercreek Management, Inc., Silvercreek Limited Partnership, Silvercreek II Limited, OIP Limited, and Pebble Limited Partnership (collectively, "Silvercreek Plaintiffs") have sued Defendant under Section 10(b) of the Securities Act of 1923, Section 11 of the Securities Act of 1933, Articles 581-1, *et seq.* of the Texas Securities Act, and New York state law (negligent misrepresentation and fraud and deceit).

This action originated in the United States District Court for the Southern District of New York and was transferred to this Court by order of the Judicial Panel on Multidistrict Litigation for coordinated pretrial proceedings in MDL 1446.  As

this Court stated in *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 789 (S.D. Tex. 2005),

> The multidistrict litigation statute authorizes federal courts to exercise nationwide jurisdiction. 28 U.S.C. § 1407 (providing for the transfer of actions pending in different districts "to any district for coordinated or consolidated pretrial proceedings"); *In re "Agent Orange" Product Liability Litigation MDL 381*, 818 F.2d 145, 163 (2d Cir. 1987)("The Judicial Panel on Multidistrict Litigation "has recognized, 'Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue. . . . Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.'"), *cert. denied sub nom. Pinkney v. Dow Chemical Co.*, 484 U.S. 1004 . . . (1988).

Thus this Court would have the same in personam jurisdiction over Defendant Causey as the United States District Court for the Southern District of New York.

Mr. Causey, a citizen of Texas and a former Vice President and Chief Accounting Officer at Enron, allegedly conspired with other members of Enron's senior management to make false and misleading statements in Enron's filings with the Securities and Exchange Commission, signed Enron's false and misleading Forms 10-K and 10-Q, and signed registration statements for the 7% Exchangeable Note offering and the Zero Coupon Note offering purchased by the Silvercreek Plaintiffs.

The Court agrees with the Silvercreek Plaintiffs that, "in the shoes of" the Southern District of New York, it has

jurisdiction over the federal securities law claims and pendent (supplemental) jurisdiction over the New York state law claims against Defendant Causey.

Nationwide jurisdiction exists when claims are brought under the federal securities laws, as is the case here. *Busch v. Buchman, Buchman & O'Brien Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994)("[W]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States."), cited for that proposition, *Luallen v. Higgs*, 277 Fed. Appx. 402, 404 (5th Cir. 2008); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214-15 (5th Cir. 2005)("The Due Process Clause . . . permits the exercise of personal jurisdiction . . . when (1) that defendant has purposefully availed himself of the benefits and protections of the [United States] by establishing 'minimum contacts' with the [United States]; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice. [citations omitted].'" *See also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 465 F. Supp. 2d 687, 705 n.30 (S.D. Tex. 2006). The federal securities acts at issue here provide for nationwide service of process. 15 U.S.C. §§ 77v (Securities Act of 1933), 78aa (Exchange Act). As a resident of Texas, Causey clearly had minimum contacts with Texas and therefore with the United States. *Busch*, 11 F.3d at 1258 ("Given that the relevant

sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States.").

In addition, § 78aa and § 77v(a) authorize jurisdiction in the district in which misconduct occurred.  Wrongdoing charged against Mr. Causey occurred in New York.  The Registration Statement for the 7% Exchangeable Notes, signed by Defendant, indicated that the Notes at issue would be sold on the New York Stock Exchange.  Generally during the time Causey was Chief Accounting Officer of Enron, Enron stock was sold on the New York Stock Exchange, and Enron filed a copy of its SEC filings with the New York Stock Exchange.  Paragraph 8 of the Second Amended Complaint alleges, "The majority of Plaintiffs' purchases and sales of Enron notes took place in the Southern District of New York."  Moreover, he knew that securities that he was helping to offer through fraudulent misstatements would be marketed nationally and would be underwritten and sold in New York.  He also knew his wrongdoing would cause harm nationwide, and even disproportionately to the State of New York.  Thus there is jurisdiction over Mr. Causey in the Southern District of New York.

Moreover as this Court wrote in *Enron*, 465 F. Supp. 2d at 705 n.30,

> "Pendent personal jurisdiction exists [over a defendant regarding Plaintiffs' state-law claims] 'where a federal statute authorizes nationwide service of process, and the federal and state claims derive from a common nucleus of operative facts.'" *High River*

> *Ltd. Partnership v. Mylan Laboratories, Inc.*, 353 F. Supp. 2d 487, 495 (M.D. Pa. 2005), *quoting IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993)(*quoting in turn United Mine Workers v. Gibbs*, 383 U.S. 715, 725 . . . (1966).  "Under these circumstances, a district court may exercise personal jurisdiction over the defendant with respect to related state law claims even though personal jurisdiction would not otherwise exist." *Id., citing Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 175 (2d Cir. 1979).  Here Plaintiffs' state-law claims involve the same nucleus of facts as their federal law claims . . . .

"Under these circumstances a district court may assert personal jurisdiction over a defendant with respect to related state law claims even though personal jurisdiction would not otherwise exist." *IUE AFL-CIO Pension Fund*, 9 F.3d at 1056.  Plaintiffs' state law claims for fraud and negligent misrepresentation and their federal securities law claims arise out of the same operative facts, i.e., Causey's acts as Chief Accounting Officer at Enron to hide debt and misrepresent Enron's actual financial condition from investors.

Accordingly, the Court

ORDERS that Causey's motion to dismiss for lack of personal jurisdiction is DENIED.

**SIGNED** at Houston, Texas, this 9th day of February, 2009.

                                           MELINDA HARMON
                            UNITED STATES DISTRICT JUDGE