```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

In Re ENRON CORPORATION       §
SECURITIES, DERIVATIVE &      §       MDL 1446
"ERISA" LITIGATION,           §
                              §
_____
MARK NEWBY, ET AL.,           §
                              §
            Plaintiffs        §
                              §
VS.                           §    CIVIL ACTION NO. H-01-3624
                              §      AND CONSOLIDATED CASES
ENRON CORPORATION, ET AL.,    §
                              §
            Defendants        §
_____
SILVERCREEK MANAGEMENT, INC.  §
ET AL.,                       §
                              §
            Plaintiffs,       §
                              §
VS.                           §    CIVIL ACTION NO. H-03-0815
                              §
SALMON SMITH BARNEY, INC., ET §
AL.,                          §
                              §
            Defendants.       §
```

## OPINION AND ORDER

Pending before the Court in H-03-0815 is Plaintiffs Silvercreek Management, Inc., Silvercreek Limited Partnership, Silvercreek II Limited, OIP Limited, and Pebble Limited Partnership's (collectively, the "Silvercreek Plaintiffs'") motion to lift stay that was entered on March 20, 2007,[1] for leave under

---

[1] The order, #5638 entered in *Newby*, H-01-3624, on March 20, 2007, after the Fifth Circuit reversed this Court's certification of the class, stated that "the *Newby* class action and all actions in which Plaintiffs have asserted claims under § 10(b) relating to primary v. aiding and abetting liability of secondary actors in the Enron Multidistrict Litigation are STAYED, pending appeal of that

Federal Rule of Civil Procedure 15 to file Third Amended Complaint, and for status hearing and scheduling conference (instrument #109).

## Standard of Review

Federal Rule of Civil Procedure 15(a) provides in relevant part,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Since the language of the rule "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

decision."

deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

While Rule 15(a) does not establish a time limit for filing a motion for leave to amend, "'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Smith v. EMC Corp.*, 393 F.3d at 595, *quoting Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992), *in turn quoting Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). If there is substantial delay, the plaintiff bears the burden of demonstrating that it was due to oversight, inadvertence or excusable neglect, *Id.*, *citing Gregory*, 634 F.2d 203.

Federal of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *Marathon Financial Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). According to Rule 16(b), which has a stricter standard than Rule 15(a), once a scheduling order has been entered, "it may be modified only for good cause and with the

judge's consent."  The good cause standard requires the party seeking leave to amend to "'show that the deadlines cannot reasonably be met, despite the diligence of the party needing the extension.'"  *Marathon*, 591 F.3d at 470, *quoting S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)(*quoting* 6A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).  In determining whether good cause exists, the court should consider four factors:  "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of continuance to cure such prejudice.'"  *Id., quoting Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)(*citing S&W Enterprises*, 315 F.3d at 536).  Only if the movant demonstrates good cause for the modification will the more liberal standard of Rule 15(a) then apply to the district court's decision whether to grant or deny leave to amend.  *S&W Enterprises*, 315 F.3d at 536.  A denial of a motion to amend is reviewed for abuse of discretion.  *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 177 (5th Cir. 2007).

### **Plaintiffs' Motion (#109)**

Silvercreek Plaintiffs explain that their Second Amended Complaint (#53) was filed two months before the Court entered the

March 2007 stay order (#5638 in *Newby*).[2]  While none of the Bank Defendants has filed a responsive pleading to it, of the six remaining Officer Defendants, Jeffrey Skilling (#88) and Richard Causey (#100) filed answers.  Plaintiffs seek to lift the stay, now that the *Newby* class action has been resolved, and under Rule 15(a) to obtain leave to file a proposed Third Amended Complaint,[3] attached as Exhibit A to their motion, which they assert serves three purposes:  (1) it eliminates defendants with whom the Silvercreek Plaintiffs have settled, either individually,[4] or as members of the *Newby* settlement class; (2) it withdraws the section 10(b) claim against the Bank Defendants, pursuant to recent decisions in three cases[5]; and (3) it restructures and focuses the

---

[2] On March 20, 2007, the day after the Fifth Circuit reversed this Court's certification of the *Newby* class, this Court entered the order staying the *Newby* class action and all coordinated actions asserting Section 10(b) claims, pending appeal of the Fifth Circuit's decision.

[3] Plaintiffs filed their Second Amended Complaint after the Court certified a class in *Newby* and required the plaintiffs in coordinated and consolidated actions to elect whether to proceed under the consolidated *Newby* complaint or to opt out, and if desired, move for leave to amend pleadings (#4848 in *Newby*).  On August 18, 2006, Plaintiffs here sought (#32 in H-03-815) and were granted leave to file their Second Amended Complaint on January 22, 2007. #52).

[4] Silvercreek Plaintiffs indicate that individually they have settled with Citigroup Defendants, Vinson & Elkins, and the Arthur Andersen Defendants, and have removed claims against them from the proposed complaint.

[5] *Regents of Univ. of Cal. v. Credit Suisse First Boston (USA), Inc.*, 482 F.3d 372 (5th Cir. 2007)(reversing this Court's

remaining claims and corresponding factual allegations in light of developments in case law.[6] Nevertheless, Plaintiffs maintain that the legal theories have not changed except for the addition of a section 12(a)(2) claim against Credit Suisse First Boston.  For clarity, the new complaint breaks the claims of aiding and betting, civil conspiracy, fraud, and negligent misrepresentations into five counts with detailed supporting allegations.  It also separates section 11 into two counts, one against Bank Defendants except for Merrill Lynch and the other against Officer Defendants.  Thus Plaintiffs assert that Defendants will suffer no prejudice from the amendment.

---

certification of *Newby* class on the grounds that banks owed shareholders no duty to disclose and reliance could not be presumed under *Affiliated Ute* (if there is an omission of a material fact by one with a duty to disclose, the investor to whom the duty was owed need not provide specific proof of reliance) or the fraud-on-the-market theory (reliance is presumed when the misrepresentations become public and are reflected in the market price and the investor relies on the market price)), *cert. denied*, 552 U.S. 1170 (2008); *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148 (2008)(rejecting Rule 10b-5(a) and (c) claims for "scheme liability" in implied private actions under section 10(b)); and *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 610 F. Supp. 2d 600 (S.D. Tex. 2009)(granting summary judgment to Financial Institutions based on *Regents* and *Stoneridge*).

[6] Plaintiffs discuss this Court's rulings in other Enron-related cases (#109 at 8-12) and state that Plaintiffs have restructured their claims in the proposed complaint to comply by eliminating the Section 10(b) claim rejected by the Fifth Circuit and the Supreme Court since they filed their Second Amended Complaint in order to insure that the proposed amendment is not futile.

**The Financial Institutions' Response (#111)**

The Financial Institutions (JP Morgan Chase & Co., J.P. Morgan Securities Inc., Merrill Lynch & Co., Inc., Deutsche Bank Alex. Brown Inc., Deutsche Bank AG (n/k/a Deutsche Bank Securities Inc.), Barclays Capital Inc., Barclays plc, Credit Suisse First Boston (USA), Inc. (n/k/a Credit Suisse (USA), Inc.), Credit Suisse First Boston LLC (n/k/a Credit Suisse Securities (USA), LLC), and Pershing LLC (f/k/a Donaldson, Lufkin & Jenrette Securities Corporation) agree to the lifting of the stay but object to granting Plaintiffs leave to file a third amended complaint and hold a status conference. They insist that Plaintiffs have not explained "their extraordinary and unexplained delay in seeking leave to file yet another amended complaint,[7] nor do they address this Court's explicit holding about the standard that applies to any request for leave to amend." #11 at 1. Instead they urge that the parties should proceed to file and brief motions to dismiss the operative Second Amended Complaint.

Supporting their claim of Plaintiffs' unjustified delay in filing the motion for leave to amend, Financial Defendants note that on March 17, 2009, more than a year after the *Newby* class was

---

[7] The Financial Defendants note that after the Fifth Circuit reversed the order of class certification and the Court imposed the current stay on March 2007, the Supreme Court denied certiorari on January 20, 2008, five days after rendering its decision in *Stoneridge*. The Financial Defendants contend that the stay could have been lifted then.

decertified on March 20, 2007 and after *Stoneridge* was issued on January 20, 2008 (foreclosing the secondary actor-scheme liability theory on which many MDL 1446 plaintiffs had relied), Silvercreek Plaintiffs sent a letter to all counsel (Ex. A to #111) stating that they intended to file a motion requesting a status conference to discuss the status and scheduling of this action.  Financial Defendants responded in a letter dated March 20, 2009 (Exhibit B) agreeing to a lifting of the stay and stating the parties should confer about scheduling the next step, i.e., briefing motions to dismiss the Second Amended Complaint.  Nevertheless the Silvercreek Plaintiffs did nothing for fifteen months.  Financial Institution Defendants emphasize that the stay could have been lifted in January 2008 once the Supreme Court issued *Stoneridge*.  On December 2, 2009, in response to the Fifth Circuit's decertification of the class and *Stoneridge* the Court dismissed all remaining claims and defendants in *Newby* (#6256 in *Newby*).  On June 22, 2010 the Silvercreek Plaintiffs sent another letter to all counsel (Exhibit C to #111, here), advising them that it would file the current motion to lift stay and to amend and requesting them to advise Silvercreek Plaintiffs within three days if they objected. Financial Institutions responded by letter dated June 25, 2010 (Exhibit D), repeating that the next step should be to confer on a schedule for briefing motions to dismiss the Second Amended Complaint and opposing Plaintiffs' filing of an untimely motion for

-8-

leave to amend. Silvercreek Plaintiffs filed the now pending motion (#60) later that day.

Financial Institution Defendants complain that with their motion Plaintiffs seek only more delay and imposition of additional burdens on Defendants. Demonstrating a lack of diligence, Plaintiffs ask for leave to amend their complaint for the third time, nearly eight years after filing their original complaint, five years after the close of discovery, four years after the expiration of deadline for seeking leave to file an amended complaint as established by the Court's scheduling orders,[8] and

---

[8] After this case was coordinated with Newby, it was governed by this Court's July 11, 2003 scheduling order (#1561 in *Newby*), attached to #111 as Exhibit F, which stayed the coordinated cases as to filing amended pleadings until the *Newby* motion for class certification was resolved. The order further provided that within two weeks of entry of the Court's ruling on the class certification motion, plaintiffs in the coordinated actions were either to elect to proceed under the *Newby* consolidated amended complaint and dismiss their complaint or to file a statement that they intended to proceed under their own complaint or move for leave to amend that pleading. Meanwhile, discovery was permitted to continue; fact discovery was completed as to all non-stayed defendants (those not facing criminal charges) on November 30, 2005, while expert discovery ended on December 15, 2006.
  On July 5, 2006 the Court certified the *Newby* class (#4836) and amended the scheduling order (#4848), attached here to #111 as Exhibit G. The amended order clarified that plaintiffs in coordinated cases that chose to opt out and amend their own pleadings had to file a motion for leave to amend within 30 days of filing their statement of election, i.e., by August 19, 2006. Silvercreek Plaintiffs filed their Notice of Opt Out of the Certified Class Action (#4855 in *Newby,* Exhibit H to #111 in this suit) on July 17, 2006, in which they informed the Court that they would move for leave to amend. On August 18, 2006 Silvercreek Defendants filed a motion for leave to amend (#32 in this action), with a copy of their proposed Second Amended Complaint, purportedly

fifteen months after Financial Institution told Plaintiffs that the stay could be lifted and that the parties should begin by briefing motions to dismiss the Second Amended Complaint.[9]

Morever because the Court's deadline for seeking leave to amend expired in August 2006, Plaintiffs' current motion for leave to amend falls under Rule 16(b), and therefore they must show good cause for their delay. *S&W Enterprises,* 315 F.3d at 536. Financial Institutions argue that Plaintiffs have no basis for filing another complaint so late in the litigation. They insist that all the allegations in the proposed Third Amended Complaint are based on alleged facts that were known to Plaintiffs when they filed their Second Amended Complaint after the close of discovery, and any cosmetic "restructur[ing]" changes are unnecessary. Financial Institutions further claim they would be substantially prejudiced by having to address a new 276-page complaint so many years later. Courts have rejected cosmetic amendments as not "important"[10] under Rule 16(b). *See, e.g., Clayton v. ConocoPhilips*

---

amended to "accord with the facts as learned through discovery." The motion was unopposed, and the Court granted it (#52) on January 22, 2007. Plaintiffs filed the Second Amended Complaint (#53) on January 25, 2007.

[9] Financial Institution Defendants state they did not file responsive pleadings to the Second Amended Complaint because of the stay imposed on March 20, 2007 (#5638 in *Newby*), shortly after it was filed.

[10] The second *Marathon* factor, 591 F.3d 470.

*Co.,* Civ. A. No. H-08-3447 2010 U.S. Dist. LEXIS 36003, *8-9 (S.D. Tex. Apr. 12, 2010 ("proposed amendment is not important to the extent [p]laintiff merely seeks to 'clarify' his claims"); *King Aero. Commer. Corp. v. AlAnwa Aviation, Inc.*, Civ. A. No. 08-0999-L, 2010 U.S. Dist. LEXIS 62677, *15 (S.D. Tex. June 24, 2010)(plaintiff "characterizes its amendments as clarifying, . . . [and thus] [t]he court finds that [the] factor [*i.e.*, "importance"] . . . weighs against granting leave to amend."). The fourth *Marathon* factor, potential for continuance, is inapplicable because discovery concluded years ago and more delay would not cure the prejudice to the Financial Institutions if amendment were again permitted. They maintain that all the reasons stated by the Silvercreek Plaintiffs for seeking leave to amend do not come close to satisfying the good cause standard.

Thus, urge the Financial Institutions, the court should lift the March 2007 stay, deny Silvercreek Plaintiff's motion to file a third amended complaint, and direct the parties to confer and propose a schedule for filing responsive pleadings to and brief any motions to dismiss the Second Amended Complaint.

### Credit Suisse Defendants' Separate Response (#110)

Credit Suisse First Boston LLC (n/k/a Credit Suisse Securities (USA), LLC), Credit Suisse First Boston (USA), Inc. (n/k/a Credit Suisse (USA), Inc.), and Pershing LLC (f/k/a Donaldson, Lufkin & Jenrette Securities Corporation ("DLJ")(collectively, the "Credit

Suisse Defendants") join the Financial Institutions' Memorandum in response to Silvercreek Plaintiffs' motion and also submit a separate response addressing the unique prejudice to the Credit Suisse Defendants that allowing Plaintiffs to amend would cause.

Specifically the Credit Suisse Defendants argue that the proposed Third Amended Complaint (1) adds a new claim against them under Section 12(a)(2) of the Securities Act of 1933; and (2) dramatically expands the factual allegations against Credit Suisse by claiming for the first time that Silvercreek Plaintiffs purchased certain 7% Exchangeable Notes through Credit Suisse First Boston based on direct communications from Sara Randell of Credit Suisse recommending and encouraging Silvercreek Plaintiffs to purchase them (¶¶ 901-912, 680-82).[11]

Moreover Credit Suisse Defendants fail to explain why the new allegations were not included in any of its three earlier complaints, especially since the Second Amended Complaint was filed after the close of discovery. *See Fahim*, 551 F.3d at 348 (affirming district court's denial of plaintiff's motion for leave to amend under Rule 16(b) where the proposed amendment would prejudice defendants by forcing them to "defend against a new claim

---

[11] Credit Suisse objects that when Ms. Rendell was deposed, she was not asked about the 7% Exchangeable Notes and that not a single deponent from Silver Creek suggest that Rendell specifically or Credit Suisse generally had any role in recommending or encouraging Silvercreek's purchase of them.

and basis for recovery" two months before the close of discovery and "nearly two months after the deadline to amend pleadings had expired"); *S&W Enterprises*, 315 F.3d at 535-36 (affirming district court's denial of plaintiff's motion for leave to amend under Rule 16(b) based in part on plaintiff's failure to explain the delay); *MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, No. H-05-1634, 2006 WL 1852322, *2 (S.D. Tex. June 30, 2006)(denying leave to amend counterclaims under Fed. R. Civ. P. 16(b) where defendant "made no attempt to address the Rule 16 standard" and offered "no explanation specifically addressing its failure to move for leave to amend in a timely fashion").

In addition, the proposed new Section 12(a)(2) claim is based entirely upon alleged "misrepresentations and omissions in the registration statement and prospectus for Zero Notes," facts known to Silvercreek Plaintiffs when they sought leave to file the Second Amended Complaint in August 2006.  Moreover discovery is now closed so it would be substantially prejudicial to Defendants in expense and time to conduct additional discovery.

### Reply (#115)

Plaintiffs reply that their proposed third amended complaint is based on developments that occurred long after the filing deadline in the July 2006 and thus they do not attempt to circumvent that order.  Therefore they understood their motion to be governed by Rule 15, not Rule 16.  Regardless, they maintain

they meet the standards under either Rule.  Specifically they claim to satisfy the four *Marathon* factors for good cause.  They did not fail to timely move for leave to amend because they are not seeking to avoid the deadline in the July 2006 order.  Nor can Bank Defendants dispute the focus of the Second Amended Complaint because it was alleged in accordance with the law in effect at the time, but the Fifth Circuit and the Supreme Court subsequently rejected that theory under Section 10(b) after the filing deadline in the July 2006 order.  That July 2006 order did not suggest that it was intended to preclude all future amendments.

Plaintiffs satisfy the importance factor under Rule 16. Plaintiffs have deleted claims against twenty-three parties with whom Silvercreek Plaintiffs settled after that filing deadline.  In addition Silvercreek Plaintiffs have separated their state law claims into direct claims and aiding and abetting claims to specify which defendants are subject to which claim.  Last, regarding the non-fraud claims Silvercreek Plaintiffs had to meet the heightened pleading requirements of *Twombly* and *Iqbal*.[12]  They have drafted the

---

[12] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.

proposed complaint to comport with the most recent applicable authority. *Dozier v. Rowan Drilling Co., Inc.*, 397 F. Supp. 2d 837, 855 (S.D. Tex. 2005)(the "importance" factor under 16(b) is met where proposed amendment would comport with applicable authority); *Estate of Merkel v. United States*, Civ. A. No. 3:06-cv-1891-D, 2008 WL 4566477, *2 (N.D. Tex. Oct. 10, 2008)("importance" factor satisfied where amendment accounts for intervening ruling by the court to add an additional remedy); *Archer Motor Sales Corp. v. Mazda Motor of America, Inc.*, Civ. A. No. H-08-3587. 2009 WL

---

2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949.

1660394, *2 (S.D. Tex. June 15, 2009)(leave to amend granted under 16(b) where amendment would clarify factual bases for existing claims).

Furthermore Silvercreek Plaintiffs reiterate there is no prejudice to the Bank Defendants because there are no pending motions to dismiss. Merely thinking about filing a motion is not a cognizable form of prejudice. Nor is there an impending trial date, any showing that additional discovery is needed or anything else that would impede the progress of this case if amendment is permitted. Responding to the proposed Third Amended Complaint would not cause prejudice because it adds no new exhibits and deletes one and because although the allegations may be more detailed, they address the same basic misconduct and do not introduce new fact patterns unfamiliar to Defendants. Plaintiffs observe that the Bank Defendants have not even responded to the Second Amended Complaint, and that neither Skilling nor Causey, who have filed answers to the Second Amended Complaint, filed an objection to their motion for leave to amend. The new Section 12(a)(2) claim is based on the operative facts previously alleged and relates back; even if it presents a difficulty for the Court, one count and one allegation should not derail the filing of the entire proposed complaint.

Silvercreek Plaintiffs emphasize that although this action has been pending for a number of years, it was stayed for much of that time through no fault of Silvercreek Plaintiffs.

In sum, argue Silvercreek Plaintiffs, "The question presented by this motion is whether the Court (and the parties) should be forced to wade through hundreds of allegations that no long have any bearing, to say nothing of the scores of defendants no longer in the case, and also be deprived of the benefit of a restructured complaint that organizes the remaining claims and supporting allegations into separate counts what will unquestionably facilitate motion practice and better define the issues for trial." #115 at 5. For them the obvious answer is no.

### Court's Decision

As a threshold matter, the Court finds that Rule 16(b) applies to the motion for leave to amend because a schedule had originally been established for coordinated cases and after the class certification was reversed, another had been established for re-pleading in the opt-out cases. Thus Silvercreek Plaintiffs must show good cause for amendment, i.e., that the deadlines could not reasonably have been met, an explanation why they failed to move for leave to amend earlier, the importance of the amendment, potential prejudice that would arise if amendment were permitted, and the availability of a continuance to cure such prejudice , in order to warrant consideration under the more liberal Rule 15(a).

The Court agrees with several key points made in Plaintiffs' reply. First, most of the delay in litigating this action was due to stays imposed by the Court in the *Newby* consolidated and coordinated cases, beyond the Silvercreek Plaintiffs' control. Moreover, after Silvercreek Plaintiffs opted out, they did timely file their motion for leave to amend in August 2006. After the Court granted it on January 22, 2007, Plaintiffs filed their Second Amended Complaint three days later. The Court further agrees that major changes in the law, in particular the Fifth Circuit's opinion in *Regents,* 482 F.3d 372, in 2007 and the Supreme Court's decision in 2008 in *Stonehenge*, 552 U.S. 1170, are "important" here, made the July 2007 order's deadline an unreasonable as well as inequitable cut-off, and justify Plaintiffs' request for another bite at the apple.[13] Third, while Plaintiffs did not assert a Section 12(a)(2) claim against Credit Suisse until that in the proposed Third Amended Complaint, the Court agrees that the basic factual underpinnings and allegations were made in the Second Amended Complaint, including that it was a statutory underwriter for the Zero Coupon Notes and sold them to Plaintiffs and that the

---

[13] The Court finds less so the effect of *Twombly* and *Iqbal* because Plaintiffs appear to have met that standard. As far as deleted parties and claims, that argument lacks persuasive force. Many actions proceed on the same complaint after parties and claims have been dismissed, with the parties ignoring them. The pretrial order could eliminate the moot claims and would supersede all pleadings if the case goes to trial.

prospectus greatly under-represented Enron's massive off-balance sheet activities and debt, giving Defendants fair warning of the nature of the misconduct complained of, and are simply fleshed out in a little more detail in the proposed complaint. While the Financial Institution Defendants object they will be prejudiced by the amendment, it is clear that none of them ever filed an answer or a motion to dismiss in response to the earlier complaint. If anything, Plaintiffs would be prejudiced by an inability to assert their claims. Amendment would not constitute "availability of a continuance to cure the prejudice" where Plaintiffs were never given the opportunity to test their claims. The Court is somewhat concerned about the gap between March 2009, when Plaintiffs sent a letter stating its intention to move to lift the stay and its failure to do so until June 25, 2010, but the stay was in effect, this Court was greatly preoccupied with the massive Enron-related litigation as the parties were aware, and the great majority of reasons support allowing the Silvercreek Plaintiffs to amend. Thus the Court finds that Plaintiffs show good cause under Rule 16(b). Moreover the Court finds under Rule 15(a) that Plaintiffs have shown a substantial reason to permit amendment here.

    Accordingly, the Court

    ORDERS that Plaintiffs' motion to lift stay, for leave to file Third Amended Complaint, and for status hearing and scheduling conference (instrument #109) is GRANTED. Counsel shall appear for

a scheduling conference on September 16, 2011 in Courtroom 9C at 1:30 p.m.

**SIGNED** at Houston, Texas, this  9th  day of  August , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE