IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1446 |
| MARK NEWBY, et al., Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. ENRON CORP., et al., | Civil Action No. H-01-3624 (Consolidated) |
| This Document Relates To: SILVERCREEK MANAGEMENT INC., et al., Plaintiffs, v. JPMORGAN CHASE & CO., et al., Defendants. | Civil Action No. H-03-0815 (Coordinated) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION (Instr. No. 142) TO BANK DEFENDANTS' MOTIONS TO DISMISS (Instr. Nos. 129-133, 135)**

Plaintiffs, Silvercreek Management Inc., et al. ("Silvercreek"), respectfully advise the Court of a recent decision by the Court of Appeals of New York in the case entitled *Assured Guaranty (UK) Ltd., & c. v. J.P. Morgan Investment Management, Inc.*, --- N.E.2d ----, 2011 WL 6338898 (N.Y. Dec. 20, 2011), a copy of which is attached hereto as Exhibit A. The Court of Appeals' *Assured Guaranty* decision was issued after Silvercreek submitted its Memorandum in Opposition to the Bank Defendants' Motions to Dismiss on December 6, 2011. This decision, from New York's highest court, strongly supports Silvercreek's position that New York's blue sky law, the Martin Act, does not

preempt Silvercreek's negligent misrepresentation (Count Five) and aiding and abetting negligent misrepresentation (Count Three) claims. (Silvercreek Opposition at pp. 133-39.) Specifically, the Court of Appeals held that "the Martin Act does not preclude a private litigant from bringing a nonfraud common-law cause of action." 2011 WL 6338898, at *4.

DATED: January 4, 2012                                      Respectfully submitted,


                                                            By:  /s/ Scott F. Hessell



BRUCE S. SPERLING (pro hac vice)
EUGENE J. FRETT (pro hac vice)
SCOTT F. HESSELL (pro hac vice)
55 West Monroe, Suite 3200
Chicago, IL 60603
(312) 641-3200
Attorneys for Plaintiffs

# EXHIBIT A



--- N.E.2d ----, 2011 WL 6338898 (N.Y.), 2011 N.Y. Slip Op. 09162
(Cite as: )

H

THIS DECISION IS UNCORRECTED AND SUBJECT TO REVISION BEFORE PUBLICATION IN THE NEW YORK REPORTS.

Court of Appeals of New York.
ASSURED GUARANTY (UK) LTD., & c., Respondent,
v.
J.P. MORGAN INVESTMENT MANAGEMENT INC., Appellant.

Dec. 20, 2011.

**Background:** Guarantor, as third party beneficiary of investment management agreement between obligor and investment manager, brought action against the investment manager alleging breach of fiduciary duty and gross negligence. The Supreme Court, New York County, Barbara R. Kapnick, J., 28 Misc.3d 1215(A), 2010 WL 2977934, granted defendant's motion to dismiss. Guarantor appealed. The Supreme Court, Appellate Division, 915 N.Y.S.2d 7, affirmed as modified, and leave to appeal was granted.

**Holdings:** The Court of Appeals, Graffeo, J., held that:
(1) Martin Act does not preclude a private litigant from bringing a nonfraud common-law cause of action, and
(2) Martin Act did not preempt guarantor's common-law breach of fiduciary duty and gross negligence claims.

Affirmed.

West Headnotes

[1] Fraud 184 ⇌31

184 Fraud
   184II Actions
      184II(A) Rights of Action and Defenses
         184k31 k. Nature and Form of Remedy. Most Cited Cases

Negligence 272 ⇌1501

272 Negligence
   272XVIII Actions
      272XVIII(A) In General
         272k1501 k. Nature and Form of Remedy. Most Cited Cases

Martin Act did not preempt guarantor's common-law breach of fiduciary duty and gross negligence claims against obligor's investment manager, based on manager's allegedly improper investment decisions that caused the obligor to suffer financial loss. McKinney's General Business Law § 352 et seq.

[2] Action 13 ⇌35

13 Action
   13II Nature and Form
      13k33 Statutory Remedies
         13k35 k. Cumulative or Exclusive Remedies. Most Cited Cases

When the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute.

[3] Action 13 ⇌35

13 Action
   13II Nature and Form
      13k33 Statutory Remedies
         13k35 k. Cumulative or Exclusive Remedies. Most Cited Cases

Securities Regulation 349B ⇌303.1

349B Securities Regulation
   349BII State Regulation
      349BII(B) Civil Effects of Violations
         349Bk303 Actions
            349Bk303.1 k. In General. Most Cited Cases

The Martin Act does not preclude a private liti-

gant from bringing a nonfraud common-law cause of action. McKinney's General Business Law § 352 et seq.

**[4] Action 13 ⇌35**

13 Action
    13II Nature and Form
        13k33 Statutory Remedies
            13k35 k. Cumulative or Exclusive Remedies. Most Cited Cases

**Securities Regulation 349B ⇌297**

349B Securities Regulation
    349BII State Regulation
        349BII(B) Civil Effects of Violations
            349Bk291 Rights, Liabilities, and Remedies
                349Bk297 k. Recovery for Fraud. Most Cited Cases

Mere overlap between the common law and the Martin Act is not enough to extinguish common-law remedies. McKinney's General Business Law § 352 et seq.

**[5] Action 13 ⇌35**

13 Action
    13II Nature and Form
        13k33 Statutory Remedies
            13k35 k. Cumulative or Exclusive Remedies. Most Cited Cases

**Securities Regulation 349B ⇌297**

349B Securities Regulation
    349BII State Regulation
        349BII(B) Civil Effects of Violations
            349Bk291 Rights, Liabilities, and Remedies
                349Bk297 k. Recovery for Fraud. Most Cited Cases

The purpose of the Martin Act is not impaired by private common-law actions that have a legal basis independent of the statute because proceedings by the Attorney General and private actions further the same goal—combating fraud and deception in securities transactions. McKinney's General Business Law § 352 et seq.

Walter Rieman, for appellant.

William A. Maher, for respondent.

Richard Dearing for Hon. Eric T. Schneiderman, Attorney General of the State of New York, amicus curiae.

Public Investors Arbitration Bar; Cornell Securities Law Clinic; New York State AFL–CIO et al.; Securities Industry and Financial Markets Association et al.; New York State Common Retirement Fund et al., amici curiae.

GRAFFEO, J.

At issue on this appeal is whether the Martin Act (General Business Law art 23–A) preempts plaintiff's common-law causes of action for breach of fiduciary duty and gross negligence. For the reasons that follow, we conclude that plaintiff's common-law claims are not preempted.

Plaintiff **Assured Guaranty** (UK) Ltd. commenced this action against defendant J.P. Morgan Investment Management Inc., asserting causes of action for breach of fiduciary duty, gross negligence and breach of contract. The gravamen of the complaint is that J.P. Morgan mismanaged the investment portfolio of an entity—Orkney Re II PLC—whose obligations plaintiff guaranteed.

As an express third-party beneficiary of an investment management agreement between J.P. Morgan and Orkney, plaintiff alleges that J.P. Morgan invested Orkney's assets heavily in high-risk securities, such as subprime mortgage-backed securities, and failed to diversify the portfolio or advise Orkney of the true level of risk. The complaint further contends that J.P. Morgan improperly made investment decisions in favor of nonparty Scottish Re Group Ltd., a client of J.P. Morgan and Orkney's largest equity holder, rather than for the benefit of Orkney or plaintiff. As a consequence, the complaint claims that Orkney suffered substantial financial losses, triggering plaintiff's obligation to pay under its guarantee.

J.P. Morgan moved to dismiss the complaint pursuant to CPLR 3211. As relevant here, J.P. Morgan argued that the breach of fiduciary and gross negli-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

gence claims were preempted by the Martin Act. Supreme Court granted the motion and dismissed the complaint in its entirety. The court held that the breach of fiduciary duty and gross negligence claims fell "within the purview of the Martin Act and their prosecution by plaintiff would be inconsistent with the Attorney General's exclusive enforcement powers under the Act."

The Appellate Division modified by reinstating the breach of fiduciary duty and gross negligence causes of action and part of the contract claim ( 80 A.D.3d 293, 915 N.Y.S.2d 7 [1st Dept 2010] ). In reinstating the two tort claims, the Appellate Division concluded that "there is nothing in the plain language of the Martin Act, its legislative history or appellate level decisions in this state that supports defendant's argument that the Act preempts otherwise validly pleaded common-law causes of action" (id. at 304, 915 N.Y.S.2d 7). The Appellate Division granted J.P. Morgan leave to appeal on a certified question, and we now affirm.[FN1]

[1] J.P. Morgan's position can be simply stated—plaintiff's common-law breach of fiduciary duty and gross negligence claims must be dismissed because they are preempted by the Martin Act. Contending that the Martin Act vests the Attorney General with exclusive authority over fraudulent securities and investment practices addressed by the statute, J.P. Morgan asserts that it would be inconsistent to allow private investors to bring overlapping common-law claims. J.P. Morgan cites our decisions in CPC Intl. v. McKesson Corp. (70 N.Y.2d 268 [1987] ) and Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. Partnership (12 N.Y.3d 236 [2009] ) in support of its contention that the Martin Act abrogated all nonfraud common-law claims. Plaintiff, joined by various amici curiae, including the New York Attorney General, counters that neither the language nor the history of the Martin Act requires preemption. Plaintiff also asserts that CPC Intl. and Kerusa favor its interpretation of the statute—common-law claims not predicated exclusively on violations of the Martin Act may proceed in private actions.

The Martin Act—New York's "blue sky" law—"authorizes the Attorney General to investigate and enjoin fraudulent practices in the marketing of stocks, bonds and other securities within or from New York" ( Kerusa, 12 N.Y.3d at 243, 879 N.Y.S.2d 17, 906 N.E.2d 1049, citing General Business Law §§ 352, 353). We have observed that the Martin Act was enacted "to create a statutory mechanism in which the Attorney General would have broad regulatory and remedial powers to prevent fraudulent securities practices by investigating and intervening at the first indication of possible securities fraud on the public and, thereafter, if appropriate, to commence civil or criminal prosecution" ( CPC Intl., 70 N.Y.2d at 277, 519 N.Y.S.2d 804, 514 N.E.2d 116; see also Kralik v. 239 E. 79th St. Owners Corp., 5 N.Y.3d 54, 58–59 [2005] ).

When the Martin Act was originally adopted in 1921, "the primary weapon afforded to the Attorney General to combat securities fraud was that of injunctive relief" (Mihaly and Kaufmann, Securities, Commodities and Other Investments, McKinney's Cons Laws of NY, Book 19, General Business Law art 23–A, at 13; see also General Business Law § 353[1] ). The Act has since been amended on a number of occasions to broaden its reach. In 1955, for example, the Legislature added section 352–c, which allowed the Attorney General to bring criminal proceedings against those engaging in fraudulent practices "even absent proof of scienter or intent" ( People v. Landes, 84 N.Y.2d 655, 660 [1994] ). Analogously, in contrast to a common-law fraud claim, the Attorney General "need not allege or prove either scienter or intentional fraud" in a civil enforcement action under the Martin Act ( State of New York v. Rachmani Corp., 71 N.Y.2d 718, 725, 530 N.Y.S.2d 58, 525 N.E.2d 704 n6 [1988] ). And in 1976, the Attorney General was authorized to seek monetary restitution on behalf of investors who were the victims of fraudulent activities (see General Business Law § 353[3] ).

The scope of the Martin Act was expanded to include the real estate industry in 1960, when the Legislature added section 352–e to address the offer and sale of condominiums and cooperative apartments. The goal of this amendment was to prevent fraud in the sale and transfer of such properties. Consequently, "[t]he Martin Act makes it illegal for a person to make or take part in a public offering of securities consisting of participation interests in real estate unless an offering statement is filed with the Attorney General" and numerous disclosures are made pursuant to the statute and its implementing regulations ( Kerusa, 12 N.Y.3d at 243, 879 N.Y.S.2d 17, 906 N.E.2d 1049).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

[2] Legislative intent is integral to the question of whether the Martin Act was intended to supplant nonfraud common-law claims. It is well settled that "when the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute" ( *Burns Jackson Miller Summit & Spitzer v. Lindner,* 59 N.Y.2d 314, 324 [1983] [internal quotation marks and citation omitted] ). We have emphasized that "a clear and specific legislative intent is required to override the common law" and that such a prerogative must be "unambiguous" ( *Hechter v. New York Life Ins. Co.,* 46 N.Y.2d 34, 39 [1978] ).

[3] Here, the plain text of the Martin Act, while granting the Attorney General investigatory and enforcement powers and prescribing various penalties, does not expressly mention or otherwise contemplate the elimination of common-law claims (*see ABN AMRO Bank, N.V. v. MBIA Inc.,* 17 N.Y.3d 208, 224 [2011] [stating that, if the Legislature intended to extinguish common-law remedies, "we would expect to see evidence of such intent within the statute"] ). Certainly the Martin Act, as it was originally conceived in 1921 with its limited relief, did not evince any intent to displace all common-law claims in the securities field. Nor can J.P. Morgan point to anything in the legislative history of the various amendments that demonstrates a "clear and specific" legislative mandate to abolish preexisting common-law claims that private parties would otherwise possess. True, we have held that the Martin Act did not "create" a private right of action to enforce its provisions (*see CPC Intl.,* 70 N.Y.2d at 276–277, 519 N.Y.S.2d 804, 514 N.E.2d 116). But the fact that "no new per se action was contemplated by the Legislature does not ... require us to conclude that the traditional ... forms of action are no longer available to redress injury" ( *Burns Jackson,* 59 N.Y.2d at 331, 464 N.Y.S.2d 712, 451 N.E.2d 459). Hence, we agree with plaintiff that the Martin Act does not preclude a private litigant from bringing a nonfraud common-law cause of action.

Despite the absence of an unambiguous legislative intention to bar common-law claims, J.P. Morgan nevertheless posits that our decisions in *CPC Intl.* and *Kerusa* settled the issue in favor of preemption. We believe that J.P. Morgan overreads the import of these cases.

In *CPC Intl.,* the plaintiff—a corporation that purchased the stock of another company—brought a "private" Martin Act claim and a common-law fraud cause of action against a number of defendants stemming from the fraudulently inflated price of the stock. Addressing the viability of plaintiff's Martin Act claim, we first observed that the statute did not explicitly authorize a private action. We then concluded that no cause of action was impliedly created by the Martin Act, reasoning:

> "[A]n implied private action is not consistent with the legislative scheme underlying the Martin Act and, specifically, section 352–c; ... the specific purpose of the statute was to create a statutory mechanism in which the Attorney General would have broad regulatory and remedial powers to prevent fraudulent securities practices by investigating and intervening at the first indication of possible securities fraud on the public and, thereafter, if appropriate, to commence civil or criminal prosecution; and ... consistency of purpose with the statute includes consistency with this enforcement mechanism" (70 N.Y.2d at 276–277, 519 N.Y.S.2d 804, 514 N.E.2d 116).

However, we did not address whether the Martin Act preempted or abrogated otherwise viable and independent common-law claims. In fact, we addressed plaintiff's common-law fraud cause of action on the merits, finding that it stated a claim and, therefore, withstood a CPLR 3211 motion to dismiss.[FN2]

In *Kerusa,* we recently examined whether the purchaser of a condominium apartment could institute a cause of action for common-law fraud "predicated solely on alleged material omissions from the offering plan amendments mandated by the Martin Act ... and the Attorney General's implementing regulations" (12 N.Y.3d at 239, 879 N.Y.S.2d 17, 906 N.E.2d 1049). According to the complaint in *Kerusa,* the defendants—the sponsor of the condominium and other related parties—had failed to "disclose various construction and design defects in the offering plan amendments" filed with the Attorney General pursuant to the Martin Act (*id.* at 245, 879 N.Y.S.2d 17, 906 N.E.2d 1049). We were careful to make clear that "[b]ut for the Martin Act and the Attorney General's implementing regulations, however, the sponsor defendants did not have to make the disclosures in the amendments" (*id.*). Put differently, the purchaser's

entire claim was premised on a violation of the Martin Act and would not have existed absent the statute. Under these discrete circumstances, we held that the purchaser could not bring a fraud claim because to accept the "pleading as valid would invite a backdoor private cause of action to enforce the Martin Act in contradiction to our holding in *CPC Intl.* that no private right to enforce that statute exists" (*id.*).

[4] Read together, *CPC Intl.* and *Kerusa* stand for the proposition that a private litigant may not pursue a common-law cause of action where the claim is predicated solely on a violation of the Martin Act or its implementing regulations and would not exist but for the statute. But, an injured investor may bring a common-law claim (for fraud or otherwise) that is not entirely dependent on the Martin Act for its viability. Mere overlap between the common law and the Martin Act is not enough to extinguish common-law remedies.

[5] Finally, J.P. Morgan claims that policy considerations, including the preservation of the Attorney General's exclusive enforcement authority under the Martin Act, should encourage us to find expansive preemption in the securities and real estate fields. To the contrary, we believe that policy concerns militate in favor of allowing plaintiff's common-law claims to proceed. We agree with the Attorney General that the purpose of the Martin Act is not impaired by private common-law actions that have a legal basis independent of the statute because proceedings by the Attorney General and private actions further the same goal—combating fraud and deception in securities transactions. Moreover, as Judge Marrero observed recently, to hold that the Martin Act precludes properly pleaded common-law actions would leave the marketplace "less protected than it was before the Martin Act's passage, which can hardly have been the goal of its drafters" ( *Anwar v. Fairfield Greenwich Ltd.,* 728 F Supp 2d 354, 371 [SD N.Y.2010] ).

For all of these reasons, we conclude that plaintiff's breach of fiduciary duty and gross negligence claims are not barred by the Martin Act.

Accordingly, the order of the Appellate Division should be affirmed, with costs. The certified question should be answered in the affirmative.

Order affirmed, with costs, and certified question answered in the affirmative.

Chief Judge LIPPMAN and Judges CIPARICK, READ, PIGOTT and JONES concur.
Judge SMITH took no part.

FN1. J.P. Morgan takes no position on the Appellate Division's reinstatement of the breach of contract claim and, therefore, we have no occasion to address it on this appeal.

FN2. After we decided *CPC Intl.,* some courts held that the Martin Act preempts nonfraud common-law claims if the subject of the claim is "covered" by the statute (*see e.g. Stephenson v. Citgo Group Ltd.,* 700 F Supp 2d 599, 612–618 [SD N.Y.2010]; *Granite Partners, L.P. v. Bear, Stearns & Co. Inc.,* 17 F Supp 2d 275, 291–292 [SD N.Y.1998]; *Independent Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.,* 919 F.Supp. 149, 153–154 [SD N.Y.1996]; *see also Castellano v. Young & Rubicam, Inc.,* 257 F.3d 171, 190 [2d Cir2001] ). The rationale typically employed by these cases is that fraud necessitates evidence of deceitful intent, an element not required by the Martin Act, whereas other common-law claims such as breach of fiduciary duty and gross negligence do not require such proof, and to recognize such claims would be analogous to permitting a private right of action under the Act, in contravention of *CPC Intl.* (*see Stephenson,* 700 F Supp 2d at 613 ["Martin Act preemption does not extend to those common law claims that require additional elements beyond what is required for Martin Act liability, such as common law fraud claims that require a showing of intent"] ). More recently, however, a number of courts have rejected this approach, concluding that the Martin Act does not preclude nonfraud tort claims (*see e.g. CMMF, LLC v. J.P. Morgan Inv. Mgt. Inc.,* 78 A.D.3d 562, 564, 915 N.Y.S.2d 2 [1st Dept 2010]; *Board of Mgrs. of Marke Gardens Condominium v. 240/242 Franklin Ave., LLC,* 71 A.D.3d 935, 936, 898 N.Y.S.2d 564 [2d Dept 2010]; *Anwar v. Fairfield Greenwich Ltd.,* 728 F Supp 2d 354, 357–358 [SD N.Y.2010]; *see also Scalp & Blade v. Advest, Inc.,* 281 A.D.2d 882,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- N.E.2d ----, 2011 WL 6338898 (N.Y.), 2011 N.Y. Slip Op. 09162
**(Cite as: )**

883, 722 N.Y.S.2d 639 [4th Dept 2001] ). We believe that these latter cases represent the more accurate view.

N.Y.,2011.
Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Management Inc.
--- N.E.2d ----, 2011 WL 6338898 (N.Y.), 2011 N.Y. Slip Op. 09162

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CERTIFICATION

I certify that on January 4, 2012, a true and correct copy of the foregoing was served to all registered users through the Court's ECF/CM filing system.

By: /s/ Scott F. Hessell
Scott F. Hessell